UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ryan C. Edner, | Case No. 20-cv-2402 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ottertail County, Minnesota; et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Ryan C. Edner's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the undersigned recommends that this matter be **DISMISSED without prejudice**, and it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Plaintiff did not pay the filing fee for this matter; instead, he applied for in forma pauperis ("IFP") status. (See, IFP Application [Docket No. 2[). That IFP application is now before the Court, and it must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Plaintiff qualifies financially for IFP status. Nevertheless, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences

in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The allegations at issue in this litigation relate to a traffic stop and subsequent arrest of Plaintiff in Fergus Falls, Minnesota. Plaintiff alleges that Defendant Mike Winger, a deputy of the Ottertail County Sheriff's Department, initiated a traffic stop upon him without probable cause to do so, and thereafter Defendant Winger proceeded to conduct a warrantless search of the vehicle without the consent of either Plaintiff or the owner of the vehicle. (See, Compl., [Docket No. 1], at 2–3). Plaintiff, who had a bench warrant outstanding at the time of the stop, was arrested by Defendant Winger, and he was subsequently detained at the Fergus Falls Detention Center. While at the Fergus Falls Detention Center, Plaintiff alleges, officials at that jail were deliberately indifferent to his medical needs, and they kept him in unlawfully deficient conditions, including depriving him of food for twenty-four hours. Plaintiff was subsequently transferred to the custody of the Redwood County Sheriff's Department, where he was detained pending criminal prosecution in Redwood County—a criminal prosecution that Plaintiff describes as unlawful (the current status of that prosecution is unclear from the Complaint).[1]

---

[1] Plaintiff does not challenge this criminal prosecution in the present action.

Based on these allegations, Plaintiff brings claims for violations of his constitutional rights, as well as, claims under state law against the Defendants named to this action. Plaintiff's Complaint names as Defendants Ottertail County, Minnesota; the City of Fergus Falls, Minnesota; the Fergus Falls Detention Center; the Ottertail County Sheriff's Department; Deputy Mike Winger of Ottertail County; Sheriff Scott Wagner of Ottertail County; and Sheriff Barry Fitzgibbons of Ottertail County. As relief, Plaintiff seeks "$500,000 in damages due to the deprivation of his civil and constitutional rights by the Defendants." (Compl., [Docket No. 1], at 15).

Plaintiff's Complaint does not state a viable claim for relief against any of the Defendants named in this action. As an initial matter, neither the Fergus Falls Detention Center nor the Ottertail County Sheriff's Department are legal entities amenable to suit. See, e.g., De La Garza v. Kandiyohi County Jail, Correctional Institution, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (noting that sheriff's departments, police departments, and jails are not entities subject to suit). A litigant may bring suit against the officers employed by a sheriff's office or jail, and (in some cases) may bring suit against the political entity that controls the sheriff's office or jail, but he may not bring suit against the sheriff's office or jail itself. Accordingly, the Fergus Falls Detention Center and the Ottertail County Sheriff's Department must be dismissed as defendants.

By contrast, the City of Fergus Falls and Ottertail County, Minnesota, are amenable to suit. Still, though, Plaintiff must allege facts that, if assumed to be true, would establish that he is entitled to relief from those Defendants. In the present case, Plaintiff has failed to do so.

Plaintiff alleges that the City of Fergus Falls and Ottertail County violated his federal constitutional rights, see 42 U.S.C. § 1983,[2] through the actions of its employee agents. With

---

[2] Plaintiff also attempts to seek relief pursuant to 34 U.S.C. § 12601, but "[t]here is no private right of action under 34 U.S.C. § 12601, as only the Attorney General may bring a civil action under that statute." Thompson v. Creve Coeur

3

respect to the claims of constitutional violations, however, "it is well settled the doctrine of respondeat superior is inapplicable to section 1983 claims." Vaughn v. Greene County, Ark., 438 F.3d 845, 851 (8th Cir. 2006). Plaintiff cannot seek relief from Fergus Falls or Ottertail County merely on the grounds that those entities employed officials who violated the law.

Instead, Plaintiff must allege facts showing that those entities themselves violated the law, such as by maintaining an unlawful official policy or unofficial custom. See, e.g., Russell v. Hennepin County, 420 F.3d 841, 846 (8th Cir. 2005). Plaintiff gestures in this direction by alleging that Fergus Falls and Ottertail County have failed to effectively exercise oversight over the jail and sheriff's department, (see, Compl., [Docket No. 1], at 15), but very few non-conclusory allegations are provided regarding this lack of oversight.[3] Indeed, Plaintiff's Complaint when read as a whole implies that the individual officers of the Ottertail County Sheriff's Department and the Fergus Falls Detention Center acted outside the scope of official policy. There is simply insufficient factual allegations alleged in the Complaint with respect to Fergus Falls or Ottertail County to establish the liability of these Defendants under § 1983.

The same analysis applies to the named officer Defendants. Because Plaintiff did not specify whether his claims are brought against those officers in their personal capacities or in their official capacities as agents of the political entity, this Court must interpret the Complaint as raising only official-capacity claims. See, Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th

---

Police Dep't, No. 4:19-cv-2138 (SNLJ), 2019 WL 3860073, at *2 (E.D. Mo. Aug. 16, 2019); see, 34 U.S.C. § 12601(b). Similarly, 18 U.S.C. § 242, a criminal statute cited by Plaintiff, does not provide a private right of action either. Thompson, 2019 WL 3860073, at *3 (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)).

[3] To the extent that Plaintiff provides more concrete allegations that either Fergus Falls or Ottertail County engaged in misconduct, those allegations are related to the claim that those entities should have known that the criminal prosecution against him in Redwood County was "fraudulent and malicious." (Compl., [Docket No. 1], at 13). But Plaintiff's attack on the legality of the prosecution is itself largely conclusory, and he does not appear to actual challenge that prosecution in this case. In any event, this Court must abstain from adjudicating claims directly attacking the legality of state-court legal proceedings while those proceedings are ongoing. See, Younger v. Harris, 401 U.S. 37 (1971).

Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims."). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 n.55 (1978). Thus, by naming the agents of Ottertail County in their official capacities, Plaintiff has brought his claims directly against Ottertail County. Again, however, as just explained, there are insufficient facts pleaded in the Complaint to establish that Ottertail County itself violated the law.

For the reasons discussed above, the Court recommends that Plaintiff's federal law claims be **DISMISSED without prejudice** for failure to state a claim. This leaves only the state-law claims brought by Plaintiff.

Unlike with Plaintiff's federal constitutional claims, however, 28 U.S.C. § 1331 cannot provide a basis for original jurisdiction over the state-law claims. Plaintiff has not alleged the state of citizenship of the parties, and therefore 28 U.S.C. § 1332(a) cannot provide a basis for the Court's original jurisdiction over the state-law claims either. Finally, the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims where, as recommended here, all claims over which the Court has original jurisdiction have been dismissed before trial. See, e.g., Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008). Therefore, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state-law claims, and thus, the Court further recommends that Plaintiff's state-law claims be **dismissed without prejudice** for lack of subject matter jurisdiction.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice** as follows:

    a. The claims brought pursuant to federal law be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

    b. The claims brought pursuant to state law be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.


Dated: March 30, 2021

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).