# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RYAN C. EDNER, | Case No. 20-CV-2402 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| OTTERTAIL COUNTY, MINNESOTA; THE CITY OF FERGUS FALLS, MINNESOTA; FERGUS FALLS DETENTION CENTER; OTTERTAIL COUNTY SHERIFF'S DEPARTMENT; DEPUTY MIKE WINGER; SHERIFF SCOTT WAGNER; and SHERIFF BARRY FITZGIBBONS, | |
| Defendants. | |

Ryan Edner filed a *pro se* complaint alleging 42 U.S.C. Section 1983 civil rights claims against Ottertail County, its Sheriff's Department, the City of Fergus Falls, the Fergus Falls Detention Center, and several individual defendants who work for Ottertail County. Because Edner sought to proceed *in forma pauperis* ("IFP"), United States Magistrate Judge Leo I. Brisbois screened the complaint under 28 U.S.C. Section 1915(e)(2)(B) to determine whether it states a claim on which relief can be granted. In a Report and Recommendation, Judge Brisbois recommends that the Court dismiss Edner's federal and state law claims without prejudice and deny his IFP application. (ECF No. 3 ("R&R") at 6.) Plaintiff objected to the R&R. (ECF No. 6 ("Obj.").) The Court now

reviews *de novo* those portions of the R&R to which Plaintiff objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For the following reasons, the Court accepts the R&R, overrules Edner's objection, dismisses the Complaint without prejudice, and denies Edner's IFP motion as moot.

## BACKGROUND

The R&R explains the relevant factual and procedural history of the case. (R&R at 2–3.) In August 2020, Ottertail County Deputy Winger conducted a traffic stop of the vehicle Edner was driving in Fergus Falls. (ECF No. 1 ("Compl.") at 2.) Edner brings this Section 1983 action alleging that the defendants violated his constitutional rights arising from the traffic stop, search of the vehicle, denial of his right to speak with an attorney, denial of medical care and medications, and solitary confinement. (*Id.* at 1–2.) Edner also alleges claims based on negligence, "[d]uress and injury/harm," and "assist[ance] in and collaborat[ion] with the Redwood County Sheriff's Department and the Redwood County District Court in the continuation of a malicious prosecution." (*Id.* at 2.)

## ANALYSIS

When a litigant seeks IFP status, the Court must review the action and dismiss it if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). During this review, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v.*

*Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The Court must construe *pro se* complaints, like this one, liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Judge Brisbois found that the Complaint does not state a viable claim for relief against the defendants. (R&R at 3–5.) Edner objects to the R&R, arguing in a general manner that the negligence and misconduct of each defendant was "clearly established and constitutes a viable claim." (Obj. at 1–2.) The Court disagrees.

*Detention Center and Sheriff's Department.* Edner cannot sue the Fergus Falls Detention Center and Ottertail County Sheriff's Department because jails and sheriff's departments are not suable entities. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (citation omitted); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (citations omitted).

*Section 1983 claims.* Local governing bodies like Fergus Falls and Ottertail County can be sued directly under Section 1983, but they cannot be held liable under Section 1983 based on "a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Robbins v. City of Des Moines*, 984 F.3d 673, 681 (8th Cir. 2021) (citation omitted). They may only be liable for a constitutional violation resulting from (1) an official policy; (2) an unofficial custom, or (3) a failure to train or supervise. *Id.* at 681–82 (citation omitted). While the complaint need not specifically allege an unconstitutional policy or custom, it "must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)

3

(citation omitted). "Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under [Section] 1983." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citation omitted).

The Complaint raises constitutional claims based on the Fourth, Eighth, and Fourteenth Amendments. But most of these claims do not allege any facts from which the Court could reasonably infer that employees of Ottertail County or Fergus Falls acted within the scope of an official policy, unofficial custom, or a failure to train or supervise. *See, e.g.*, *Spencer v. Brott*, No. 17-CV-5035 (DSD/TNL), 2019 WL 6884775, at *8 (D. Minn. Nov. 21, 2019) (recommending dismissal of deliberate indifference to medical needs claim where plaintiff had not identified or alleged a county policy or custom causing the alleged deprivation), *R&R adopted*, 2019 WL 6874657 (D. Minn. Dec. 17, 2019); *Anderson v. St. Luke's Hosp.*, No. 19-CV-106 (MJD/LIB), 2019 WL 7882118, at *14–16 (D. Minn. Nov. 19, 2019) (recommending dismissal of *Monell* claims because plaintiff failed to plead "specific facts sufficient to support a plausible claim" that the alleged constitutional violations resulted from an official municipal policy, an unofficial custom, or a failure to train or supervise), *R&R adopted*, 2020 WL 256176 (D. Minn. Jan. 17, 2020).

The only pattern of misconduct the Court can discern is an allegation about Ottertail County Deputy Winger. The Complaint asserts that Winger's failure to write or file a police incident report relating to the traffic stop "demonstrates . . . the pattern of behavior committed by [county] employees and staff." (Compl. at 3–4.) It also alleges that

Winger's interrogation of Edner and investigation during the traffic stop showed a "continued pattern of misconduct and abusive behavior." (*Id.* at 8.) These acts do not sufficiently allege a pattern, and the Complaint is void of any other facts supporting the existence of a pattern of misconduct. *See Ulrich*, 715 F.3d at 1061 (affirming finding that complaint alleged no facts that would demonstrate the existence of a county policy or custom that caused the alleged constitutional deprivation). Because the Complaint lacks factual allegations supporting the existence of a policy, custom, or failure to train or supervise, the Section 1983 claims against Ottertail County and Fergus Falls are dismissed.

*Individual defendants – official capacity claims.* The Complaint alleges that all of the individual defendants work for Ottertail County. (Compl. at 16.) Because the Complaint does not specifically name these defendants in their individual capacities, the Court assumes that the claims against them are official-capacity claims. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (citations omitted). "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (internal quotation and citation omitted). Thus, the claims against the individual defendants are dismissed because they are claims against Ottertail County.

*State law claims.* Finally, as to Edner's state law claims, the Complaint does not allege facts supporting diversity jurisdiction. Having dismissed the federal claims, the

Court declines to exercise supplemental jurisdiction to hear the remaining state law claims, and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3); *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008) (holding that when a court has correctly dismissed federal claims, it should also dismiss pendent state claims without prejudice).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection (ECF No. 6) is OVERRULED;

2. The Report and Recommendation (ECF No. 3) is ACCEPTED;

3. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

4. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 18, 2021

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge